```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JASON PORTER,

                Plaintiff,
                                          MEMORANDUM & ORDER
       -against-                          19-CV-1408(JS)(ARL)

REBECCA HLADKY, Counselor,

                Defendant.
----------------------------------X
JASON PORTER,

                Plaintiff,

       -against-                          19-CV-2273(JS)(ARL)

KRISTIAN BARLING GAME,
Substance Abuse Counselor,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Jason Porter, pro se
                   332580
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, New York 11901

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On March 11, 2019, incarcerated pro se plaintiff Jason Porter ("Plaintiff") filed a Complaint (see, 19-CV-1408, D.E. 1) (the "First Action") in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Rebecca Hladky ("Hladky"), accompanied by an incomplete application to proceed in forma pauperis, (IFP Mot., D.E. 2). Accordingly, by Notice of Deficiency also dated

March 11, 2019, Plaintiff was instructed to complete and return the enclosed in forma pauperis application within fourteen (14) days in order for his case to proceed. (See, D.E. 4.) On March 18, 2019, Plaintiff timely filed a complete application to proceed in forma pauperis. (IFP Mot., D.E. 7.)

On April 18, 2019, Plaintiff filed another Complaint, (see 19-CV-2273, D.E. 1) (the "Second Action"), also pursuant Section 1983, against Kristian Barling Game ("Game" and with Hladky, "Defendants") together with an incomplete application to proceed in forma pauperis. (See Second Action IFP Mot., D.E. 2.) However, given the temporal proximity of the filing of both Complaints, the Court accepts the information set forth in the in forma pauperis application filed in the first action to apply in the Second Action.

Upon review of the declarations in support of the applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence these actions without prepayment of the filing fees. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED. However, for the reasons that follow, Plaintiff's Section 1983 claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

## THE COMPLAINTS[1]

Plaintiff's Complaints are each submitted on the Court's Section 1983 Complaint form, and are brief. In the First Action, Plaintiff complains of an incident alleged to have occurred on January 26, 2019 and January 29, 2019 at Phoenix House Treatment Program in Hauppauge, New York. The following facts, in their entirety, are alleged:

> On 1-26-2019 Plaintiff had a seizure do to Phoenix House Medical Staff failure to order and issue prescribed blood pressure medication to Plaintiff within a timely fassion causing Plaintiffs blood pressure to induce a seizure. Plaintiff sustained minor lasserations to the face as a result of being knocked unconscions for several hours do to the seizure. On 1-29-19 Plaintiff was discharged from Phoenix House Program by Rebecca Hladky for "likely" having an unknown substance in his system without any evidence to support such contention.

(First Compl. ¶ II at 4.) In the space on the Complaint form that calls for a description of any claimed injuries, Plaintiff alleges: "Plaintiff received laserations to the face do to striking his face on the pavement." (First Compl. ¶ II.A.) For relief,

---

[1] The following facts are taken from Plaintiff's Complaints and are presumed to be true for the purposes of this Order. Excerpts from the Complaints as reproduced here exactly as they appear in the originals. Errors in spelling, punctuation, and grammar have not been corrected or noted.

Plaintiff seeks to recover a monetary award in the sum of one million dollars ($1,000,000.00) "to compensate Plaintiff for time spent in Jail on a parole violation do to Phoenix Houses unwarranted discharge of the Plaintiff." (First Compl. ¶ III.)

In the Second Action, Plaintiff complains of an incident alleged to have occurred on November 13, 2018, at the Eastern Long Island Hospital in Greenport, New York. The following facts, in their entirety, are alleged:

> On 11-13-18 Kristian Barling Game created a fraudulent discharge plan and faxed it to the Plaintiff's parole officer so that the Plaintiff's parole officer could obtain a warrant to arrest the Plaintiff based on the allegations provided in the fraudulent discharge plan.

(Second Compl. ¶ II at 4.) In the space on the Complaint form that calls for a description of any claimed injuries, Plaintiff alleges: "Plaintiff's mental health has greatly depreciated since this incident and has had to undergo intensive mental health treatment." (Second Compl. ¶ II.A.) For relief, Plaintiff seeks to recover a monetary award in the sum of eleven million dollars ($11,000,000.00) "to pay for the inconvenience and future mental health treatment." (Second Compl. ¶ III.)

DISCUSSION

I. Consolidation of Plaintiff's Complaints

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. See, e.g., Jacobs v. Castillo, 09-CV-953, 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal quotation marks and citations omitted).

"The Second Circuit has long adhered to the first-filed

doctrine in deciding which case to dismiss where there are competing litigations. Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Adam, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, the Complaints filed by Plaintiff appear to allege similar deprivations of his constitutional rights. Accordingly, in the interest of judicial economy, the Court orders that Plaintiff's Complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 19-CV-1408. The Clerk of Court is directed to: (1) consolidate these actions; and (2) mark the Second Action (19-CV-2273) closed. All future filings are to be docketed in only 19-CV-1408.

II. In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence these actions without

6

prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

III. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations

omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

IV. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

8

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person action under color of state law. Thus, private parties are not generally liable under a Section 1983. Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 461, 102 L. Ed. 2d 469 (1988) (citation omitted).

Here, Defendants are alleged to be employed at Phoenix House and Eastern Long Island Hospital. Private conduct is generally beyond the reach of § 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999); Vaughn v. Phoenix House Programs of N.Y., 14-CV-3918, 2015 WL 5671902, at *4 (S.D.N.Y. Sept. 25, 2015) (Section 1983 claims "fail[ed] as a matter of law because neither Phoenix House nor the individual [d]efendants are state actors, nor were they acting under color of law."); see also Melvin v. State of Conn., 36-CV-0537, 2017 WL 3841689, 3-4 (D. Conn. Sept. 1, 2017) (finding private residential drug treatment program was not a state actor for Section 1983 purposes where plaintiff resided at the

facility as a condition of parole).[2] Indeed, "courts have consistently held that drug treatment facilities that treat individuals pursuant to a condition of parole are not performing a public function." Melvin, 2017 WL 3841689, at * 3 (collecting cases). Thus, in the absence of state action, Plaintiff's Section 1983 claims are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

  A.  Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. In an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint in order to allege sufficient facts such that the Court could reasonably construe

---

[2] Private entities may be deemed to act under color of state law when their activities are "attributable to the state." Vaughn, 2015 WL 5671902, *4. The Second Circuit instructs that one of three tests (the "compulsion test", the "public function test", and the joint action test"), none of which is satisfied here, must be met to find state action by a private entity. Hollander v. Copacabana Nightclub, 624 F.3d 30, 34 (2d Cir. 2010). There is no allegation that the state controlled or ran Phoenix House or Eastern Long Island Hospital, or that the State delegated any public function to it. Nor does Plaintiff allege that either of the Defendants' activities were entwined with state policies or were willful participants in joint activity with the state.

10

state action under any of the tests described above.  Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Consolidated Action, 19-CV-1408(JS)(ARL), and shall be filed within thirty (30) days from the date of this Order.  Plaintiff is cautioned that an Amended Complaint completely replaces the original.  Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint.  If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter and this case will be closed.

## CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed in forma pauperis are GRANTED, however the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).  Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH THIS ORDER WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER.  If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __27__, 2019
　　　　Central Islip, New York